ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| ELIEZER SANTANA BÁEZ<br><br>Apelante<br><br>v.<br><br>TELEVICENTRO OF PUERTO RICO, LLC H/N/C WAPA TV<br><br>Apelados | TA2026AP00267 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: BY2024CV03238<br><br>Sobre: Daños y Perjuicios |
|---|---|---|

Panel integrado por su presidenta la Juez Grana Martínez, el Juez Ronda Del Toro y la Juez Lotti Rodríguez

**Ronda Del Toro, Juez Ponente**

# SENTENCIA

En San Juan, Puerto Rico, a 10 de junio de 2026.

Mediante escrito de apelación, presentado por derecho propio y en forma *pauperis*, el señor Eliezer Santana Báez nos solicitó que revisemos la *Sentencia* que emitió y notificó el Tribunal de Primera Instancia, Sala de Bayamón, el 3 de febrero de 2026. En esta, el foro primario desestimó sin perjuicio, la demanda que presentó Santana Báez contra Televicentro of Puerto Rico h/n/c WAPA TV.

Luego de autorizar la comparecencia por derecho propio y de forma *pauperis*, disponemos desestimar la apelación por falta de jurisdicción.

## I.

El 1ro de junio de 2024, Eliezer Santana Báez, por conducto de su abogado, presentó una demanda de daños y perjuicios contra Televicentro of Puerto Rico h/n/c WAPA TV Puerto Rico.

El 1ro de enero de 2026 el abogado del demandante Lcdo. Antonio E. Figueroa Rodríguez presentó una *Moción urgente es solicitud de renuncia de la representación legal*.

En respuesta, el 9 de enero de 2026, notificada el 13 de enero de 2026, el foro primario dejó sin efecto el señalamiento pautado para el 14 de enero de 2026 y relevó al abogado del demandante. Además, le concedió a la parte demandante, "20 días para informar nuevo abogado o se desestimará sin perjuicio su causa de acción. Se ordena notificar esta orden al demandante a la Cárcel de Bayamón, específicamente en la Unidad 501 y se ordena al abogado de récord notificarle la misma al demandante."[1]

En reacción, el señor Santana Báez suscribió una *Moción en Cumplimiento de Orden*[2]. En la aludida moción informó que se representaría por derecho propio. Este escrito del apelante no indica la fecha en que se redactó ni contiene sello alguno de la entrega a la institución correccional para su envío correspondiente. No obstante, el sobre contiene la fecha del matasellos del 31 de enero de 2026. La moción fue presentada al TPI el 3 de febrero de 2026 a las 9:07 am.

El 3 de febrero de 2026 a las 3:34 pm el foro primario emitió y notificó una *Sentencia* en la cual desestimó la demanda que incoó Santana Báez.

El 3 de febrero de 2026, notificada el día 6 de febrero de 2026 el foro primario emitió una Orden respecto a la *Moción en Cumplimiento de Orden* que interpuso Santana Báez e indicó "Refiérase a Sentencia."

---

[1] SUMAC TPI, entrada 22.
[2] SUMAC TPI, entrada 23.

En desacuerdo con la Sentencia emitida y notificada el 3 de febrero de 2026, Santana Báez presentó el **12 de marzo de 2026**, un recurso de apelación ante este foro de revisión intermedio.

La parte apelada presentó su posición al recurso, por lo que estamos en posición de evaluar.

## II.

## A.

La jurisdicción es el poder o autoridad con que cuenta un tribunal para considerar y decidir los casos y las controversias ante su consideración. JJJ Adventure v. Consejo de Titulares y otros, 2025 TSPR 123, 216 DPR ___ (2025); Greene et als. v. Biase et als., 2025 TSPR 83, 215 DPR ___ (2025); Vázquez et al. v. DACo, 2025 TSPR 56, 215 DPR ___ (2025); Metro Senior v. AFV, 209 DPR 203, 208-209 (2022); Beltrán Cintrón et al. v. ELA et al., 204 DPR 89, 101 (2020).   A tenor con ello, los tribunales deben ser celosos al constatar su jurisdicción y carecen de discreción para asumirla si no la poseen. JJJ Adventure v. Consejo de Titulares y otros, *supra*; Greene et als. v. Biase et als., *supra*; Allied Mgmt. Group v. Oriental Bank, 204 DPR 374, 386 (2020).

Al cuestionarse la jurisdicción de un tribunal, por alguna de las partes o, incluso, cuando no haya sido planteado por éstas, dicho foro examinará y evaluará con rigurosidad el asunto jurisdiccional como parte de su deber ministerial, toda vez que éste incide directamente sobre la autoridad misma para adjudicar un caso o controversia. Freire Ruiz et al. v. Morales, Hernández, 2024 TSPR 129, 215 DPR ___ (2024); Mun. Aguada v. W Const. y Recovery Finance, 214 DPR 432, 449 (2024); Ruiz Camilo v. Trafon Group, Inc., *supra*.  Una de las instancias en la que un foro

adjudicativo carece de jurisdicción es cuando se presenta un recurso tardío o prematuro, toda vez que éste "adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre". Ruiz Camilo v. Trafon Group, Inc., *supra*, pág. 269. En estos casos, si se carece de jurisdicción, solo resta declararlo así y desestimar la reclamación sin entrar en los méritos de la controversia. Íd. Esto es, procede la inmediata desestimación del recurso apelativo según lo ordenado por las leyes y los reglamentos para el perfeccionamiento de estos recursos. Íd.

**B.**

Respecto a la presentación de recursos de reclusos e indigentes, la Regla 30.1 del Reglamento del Tribunal de Apelaciones, Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 23, 215 DPR ___ (2025), rige el procedimiento para formalizar la apelación, a saber:

> (A) Cuando la parte apelante se encontrará recluida en una institución penal o institución de otra naturaleza bajo custodia del Sistema Correccional y apelare por derecho propio la apelación se formalizará **con la entrega del escrito de apelación dentro del término para apelar a la autoridad que lo tiene bajo custodia**. **Dicha autoridad vendrá obligada a presentar inmediatamente el escrito de apelación en la Secretaría del tribunal que dictó la sentencia y copia de este en el tribunal sentenciador o en el Tribunal de Apelaciones, en cuyo caso remitirá esta copia al tribunal apelado**. Al recibo del escrito de apelación, el Secretario o la Secretaria del tribunal sentenciador o del Tribunal de Apelaciones lo notificará al Fiscal de Distrito o a la Fiscal de Distrito y al Procurador General o a la Procuradora General.
>
> (B) Si el confinado o confinada entregara el escrito de apelación a los funcionarios o funcionarias de la institución con tiempo para ser recibido en el tribunal apelado o en el Tribunal de Apelaciones antes de vencer el término para apelar, y dichos funcionarios o funcionarias dejan de darle curso, **tal entrega equivale a una presentación del escrito de**

**apelación dentro del término para iniciar el recurso** y a la notificación al Fiscal o a la Fiscal y al Procurador General o a la Procuradora General. (Énfasis nuestro).

A tenor con lo anterior y afín con la jurisprudencia, se entenderá que el recurso fue presentado en la fecha de entrega a la institución carcelaria. Dicha autoridad será responsable, a su vez, de tramitar el envío del recurso al foro correspondiente. Álamo Romero v. Adm. De Corrección, 175 DPR 314, 323 (2009).

De otro lado, la Regla 52.2 (a) de Procedimiento Civil de Puerto Rico, establece el término para presentar los recursos de apelación. Esta indica que, "los recursos de apelación al Tribunal de Apelaciones o al Tribunal Supremo para revisar sentencias deberán presentarse dentro del término jurisdiccional de treinta (30) días contados desde el archivo en autos de copia de la notificación de la sentencia dictada por el tribunal apelado." 32 LPRA Ap. V, R. 52.2.

Cónsono a lo anterior, la Regla 13 (A) del Reglamento del Tribunal de Apelaciones dispone que, [l]as apelaciones contra las sentencias dictadas en casos civiles por el Tribunal de Primera Instancia se presentarán dentro del término jurisdiccional de treinta (30) días contados desde el archivo en autos de una copia de la notificación de la sentencia." […] Reglamento del Tribunal de Apelaciones, *supra*.

Por definición, un requisito jurisdiccional es aquel que se debe cumplir antes de que el tribunal pueda conocer del pleito. Ruiz Camilo v. Trafon Group, Inc., 200 DPR 254, 268 (2018), I. Rivera García, Diccionario de términos jurídicos, 2da ed. rev., Oxford, Ed. Equity, 1985, pág. 244. Así pues, un término jurisdiccional es fatal, improrrogable e insubsanable,

por lo que, no se puede acortar ni extender. Ruiz Camilo v. Trafon Group, Inc., *supra*.

**III.**

Como foro apelativo intermedio, estamos llamados a examinar, en primer lugar, si tenemos jurisdicción para atender el recurso presentado.

El 3 de febrero de 2026 el Tribunal de Primera Instancia emitió y notificó una Sentencia en la que desestimó la demanda que incoó Santana Báez. A partir de ese momento, Santana Báez disponía de un término jurisdiccional del treinta (30) días, para presentar el recurso de apelación ante este Tribunal de Apelaciones. Cuando la parte tiene su libertad restringida por razón de confinamiento, la Regla 30.1 de nuestro reglamento, *supra*, permite que se acepte como fecha de presentación, el día en que el confinado le entrega el documento a la institución carcelaria para que estos a su vez, procedan con el envío a este foro de revisión. Ese término venció el **5 de marzo de 2026**.

El recurso de Santana Báez fue presentado en la secretaría de este Tribunal de Apelaciones el 12 de marzo de 2026. Del escrito no surge el sello, estampado o el recibo de la fecha en que Santana Báez le hizo entrega del documento a la institución carcelaria, para su tramitación a este foro apelativo, según lo establece la Regla 30.1 de nuestro reglamento. El escrito de apelación tampoco contiene la fecha en que Santana Báez lo firmó pues nunca lo firmó en contravención a lo dispuesto en la regla 9.1 de Procedimiento Civil, 32 LPRA Ap. V.[3]. Por tanto, del expediente no se puede constatar la fecha en que fue suscrito el

---

[3] Cuando una persona natural sea parte en el pleito y no esté representada por abogado o abogada, **firmará su escrito** y expresará su número de teléfono, número de fax, y su dirección postal y dirección electrónica, si los tiene. Énfasis nuestro.

documento, como tampoco, el día en que se gestionó su remisión a través del Departamento de Corrección, si es que esto último se hizo. Tampoco se puede constatar que la parte está hábil y disponible para cumplir con los señalamientos y las órdenes del tribunal, que ha leído el escrito y que, de acuerdo con su mejor conocimiento, información y creencia, formada luego de una investigación razonable, dicho escrito está bien fundado en los hechos y respaldado por el derecho vigente, y que no se ha presentado con el propósito de causar una injusticia, dilación u opresión o de aumentar el costo del litigio.[4] El hecho de que las partes comparezcan por derecho propio, por sí solo, no justifica que incumplan con las reglas procesales. Febles v. Romar, 159 DPR 714, 722 (2003).

Revisamos, además, el sobre en que llegó el escrito de apelación a nuestro foro para corroborar si de este surgía alguna fecha. Sin embargo, el sobre no contiene la fecha del matasellos del servicio postal. La única fecha que surge del sobre es la del "Jan 08 2026". Esto, es el 8 de enero de 2026, no obstante, esa fecha es previa al 3 de febrero de 2026, día en que el TPI notificó la sentencia cuya revisión se nos solicita. Por tanto, no la podemos utilizar como día hábil de presentado el recurso.

Así pues, debido a que de ningún lugar surge que el recurso fue tramitado en o antes del 5 de marzo de 2026, que es el término jurisdiccional para su presentación a este foro, solo nos resta concluir que recurso se presentó de forma tardía el 12 de marzo de 2026, día en que se recibió en la secretaría del Tribunal de Apelaciones. Esa es la única fecha que surge del expediente y que podemos validar como presentada la apelación.

---

[4] Id.

En ese momento, ya había transcurrido en exceso el término jurisdiccional de treinta (30) días. Siendo el término para la presentación del recurso uno fatal e improrrogable, su presentación tardía nos priva de jurisdicción para atenderlo, por lo que sólo procede su desestimación.

**IV.**

En virtud de lo anterior se desestima el recurso por falta de jurisdicción, al haberse presentado de manera tardía.

Disponemos que el Secretario del Departamento de Corrección y Rehabilitación debe entregar copia de esta determinación al Peticionario, en la institución correccional donde se encuentre recluido.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones